Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/11/2018 08:08 AM CDT

State of Nebraska, appellee, v.
James L. Moody, appellant.
___ N.W.2d ___

Filed September 11, 2018.    No. A-17-969.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Evidence: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Double Jeopardy.** The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.
4. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Double Jeopardy: Legislature: Intent.** In analyzing whether administrative license revocation for driving under the influence constitutes punishment for purposes of double jeopardy, the court must inquire (1) whether the Legislature intended the statutory sanction to be criminal or civil and (2) whether the statutory sanction is so punitive in purpose or effect as to transform what was clearly intended as a civil sanction into a criminal one.
5. **Statutes: Legislature: Intent.** Whether the Legislature intended a civil or criminal sanction is a matter of statutory construction.
6. **Administrative Law: Motor Vehicles: Licenses and Permits: Revocation: Legislature: Intent.** The Legislature intended administrative license revocation to be a civil sanction.
7. **Statutes: Legislature: Intent.** In determining whether the Legislature intended a statute to establish civil or criminal proceedings, the language used by the legislators, on the floor and in the statute, is not dispositive.

Appeal from the District Court for Scotts Bluff County, Leo P. Dobrovolny, Judge, on appeal thereto from the County

Court for Scotts Bluff County, Kris D. Mickey, Judge. Judgment of District Court affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Pirtle, Riedmann, and Welch, Judges.

Pirtle, Judge.

## I. INTRODUCTION

James L. Moody was charged with driving under the influence of alcohol, and he filed a plea in bar which was overruled by the county court for Scotts Bluff County. He appealed to the district court for Scotts Bluff County which affirmed the county court's ruling. He argues on appeal that recent changes to the Nebraska Revised Statutes tie the administrative license revocation (ALR) procedure more closely to the criminal procedure, altering the nature of the sanctions from civil and nonpunitive to criminal sanctions which are intended to be punitive. He requests that we reverse, with directions to dismiss the criminal complaint, because he has already been punished in the ALR proceeding and any successive criminal action would violate the double jeopardy clause. For the reasons that follow, we affirm.

## II. BACKGROUND

On November 4, 2016, Moody was charged by complaint with one count of driving under the influence, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010).

An ALR hearing was held on November 29, 2016, and evidence was presented that on or about October 29, Moody was driving and his car was stopped at a safety checkpoint. He was detained and arrested on suspicion of driving under the influence of alcohol. The report prepared by the state trooper who stopped Moody was presented as evidence. The report indicated that Moody had bloodshot, watery eyes and emitted "the

odor" of alcohol. The trooper conducted three field sobriety tests which provided evidence of probable intoxication, and the preliminary breath test confirmed the presence of alcohol in Moody's system. A chemical test registered at .093 of a gram of alcohol per 210 liters of breath, which is above the legal limit of .08 of a gram of alcohol per 210 liters of breath. The hearing officer recommended that Moody's license be revoked. The recommendation was adopted by the director of the Department of Motor Vehicles (DMV), and Moody's license was revoked for a period of 180 days.

Moody filed a plea in bar asserting that he had been tried by the DMV on substantially the same charge as the crime charged in the complaint and that his conviction by the DMV put him in jeopardy for the same offense, twice, which is prohibited by the Fifth Amendment to the U.S. Constitution and article I, § 12, of the Nebraska Constitution. At the hearing on the plea in bar on December 28, 2016, the court received exhibits which contained the complaint in his case and the finding of facts by the DMV. The county court overruled the plea in bar.

Moody appealed the denial of his plea in bar to the district court. The district court received the bill of exceptions from the county court and a transcript of the proceedings from the ALR hearing. The district court affirmed the decision of the county court. Moody timely appealed.

## III. ASSIGNMENTS OF ERROR

Moody asserts the district court erred in affirming the county court's ruling that the ALR was not punitive and that the double jeopardy clause was not applicable.

## IV. STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Leon-Simaj*, 300 Neb. 317, 913 N.W.2d 722 (2018). On a question of law, an appellate court reaches a conclusion independent of the court below. *Id.*

## V. ANALYSIS

Moody asserts the ALR process has become punitive and has lost its character as a civil remedial action. He argues that the consequences of the administrative procedure have been increased and are now intertwined with a criminal proceeding; thus, he argues, subsequent prosecution in a criminal court should be barred by the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. The State disagrees and argues that the sanctions imposed are civil in nature and that, therefore, double jeopardy is not implicated.

[3] The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Arterburn*, 276 Neb. 47, 751 N.W.2d 157 (2008). The protection provided by the double jeopardy clause of the Nebraska Constitution is coextensive with that provided by the U.S. Constitution. See *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998).

In *State v. Howell, supra*, the Nebraska Supreme Court addressed the question of whether the administrative revocation of a driver's license for refusal to submit to a chemical test constituted punishment such that any subsequent prosecution put the offender twice in jeopardy. Steven Howell was arrested and charged with refusal to submit to a chemical test and with driving under the influence. His driver's license was administratively revoked by the DMV. After the revocation, he filed a plea in bar alleging that criminal prosecution for refusal to submit to a chemical test and for driving under the influence placed him twice in jeopardy for the same offense. The county court denied his plea in bar, and he appealed to the district court. The district court affirmed the county court's decision, and Howell appealed to the Nebraska Supreme Court.

The Nebraska Supreme Court affirmed the district court's decision, holding that the administrative revocation of a

person's driver's license for refusing to submit to a chemical test was not "'punishment'" that could raise a double jeopardy bar to a criminal prosecution. *State v. Howell*, 254 Neb. at 250, 575 N.W.2d at 864. The court applied the analysis of multiple punishments under the Double Jeopardy Clause as set out in *United States v. Ward*, 448 U.S. 242, 100 S. Ct. 2636, 65 L. Ed. 2d 742 (1980), supplemented by *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), and reaffirmed in *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997). In *State v. Howell*, the Nebraska Supreme Court referred to the analysis as the "two-part *Kennedy-Ward* analysis, as applied in *Hudson*." 254 Neb. at 251, 575 N.W.2d at 865.

[4,5] In analyzing whether an ALR for driving under the influence constitutes punishment for purposes of double jeopardy, the court must inquire (1) whether the Legislature intended the statutory sanction to be criminal or civil and (2) whether the statutory sanction is so punitive in purpose or effect as to transform what was clearly intended as a civil sanction into a criminal one. See *State v. Howell, supra*. The Double Jeopardy Clause protects against the imposition of multiple criminal punishments for the same offense. *State v. Arterburn, supra*, citing *Hudson v. United States, supra*. It does not prohibit the imposition of a civil sanction and a criminal punishment for the same act. *State v. Arterburn, supra*. Whether the Legislature intended a civil or criminal sanction is a matter of statutory construction. *Id.*

### 1. LEGISLATIVE INTENT

We first determine whether the Legislature intended the sanction of license revocation to be civil in nature. If so, we ordinarily defer to the Legislature's stated intent. See *State v. Arterburn*, 276 Neb. 47, 751 N.W.2d 157 (2008).

Neb. Rev. Stat. § 60-498.01(1) (Cum. Supp. 2016) states:

> Because persons who drive while under the influence of
> alcohol present a hazard to the health and safety of all

persons using the highways, a procedure is needed for the swift and certain revocation of the operator's license of any person who has shown himself or herself to be a health and safety hazard (a) by driving with an excessive concentration of alcohol in his or her body or (b) by driving while under the influence of alcohol.

[6] In *State v. Howell*, 254 Neb. 247, 253, 575 N.W.2d 861, 866 (1998), the Nebraska Supreme Court considered this exact language, then codified in Neb. Rev. Stat. § 60-6,205(1) (Cum. Supp. 1996), and concluded, "This language clearly states that the Legislature intended [ALR] to protect the public from the health and safety hazards posed by drivers who are under the influence of alcohol. Thus, the Legislature intended to create a civil sanction."

Moody asserts the increase in the revocation period from 90 to 180 days and the decision to intertwine the administrative and criminal proceedings are proof that the ALR procedure is now punitive. Moody refers to one legislator's remark during a floor debate that he wanted to "'send a message,'" brief for appellant at 6, as indicative of the Legislature's desire to impose a punishment, which in turn should be considered when determining whether § 60-498.01 is civil or criminal. Moody also notes that the 180-day suspension provided for in Neb. Rev. Stat. § 60-498.02(1)(b) (Cum. Supp. 2018) is the same period of revocation for a person who is convicted under Neb. Rev. Stat. § 60-6,197.03(1) (Cum. Supp. 2016) for driving under the influence.

[7] We note that the Nebraska Supreme Court has stated that the language used by legislators, on the floor and in the statute, is not dispositive. *State v. Howell, supra.* See *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996). In *State v. Howell, supra*, and *State v. Arterburn, supra*, the Nebraska Supreme Court considered whether revocations for a period of 1 year were criminal sanctions or civil sanctions—justified by the need to protect the public health and safety. These cases involved revocation of a driver's license for refusal to submit

to a chemical test and revocation of a commercial driver's license for driving under the influence of alcohol, respectively. The same set of factors was applied, and the court concluded, in both cases, that the Legislature intended ALR to be a civil sanction and that the sanctions were not so punitive in purpose or effect as to negate the Legislature's intent. Thus, the court found that the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions were not violated and that the civil sanctions did not constitute multiple punishment for the same offense.

Both of those cases, as well as this case, involve the revocation of a driver's license for the purpose of protecting the health and safety of the public following an alcohol-related offense which was alleged to have occurred on the roads in this state. Even though the period of revocation has increased from 90 to 180 days, it is still not as long as the 1-year revocation periods in *Howell* and *Arterburn*. In this case, there is a legitimate basis for concluding that an ALR can still be considered a civil sanction, even though the period of revocation has increased.

Moody asserts the Legislature "expressed its intent that the ALR scheme be criminal when it tied a Motion for Discovery in the ALR proceeding and treated it as a request for discovery in the criminal proceeding." Brief for appellant at 8. Section 60-498.01(9) provides, in part, "Any motion for discovery filed by the petitioner shall entitle the prosecutor to receive full statutory discovery from the petitioner upon a prosecutor's request to the relevant court pursuant to section 29-1912 in any criminal proceeding arising from the same arrest." This provision is a procedural mechanism for regulating discovery and does not have any bearing on the determination regarding the civil or criminal nature of the sanction.

## 2. Punitive in Purpose or Effect

Having determined that the Legislature intended an ALR for driving under the influence to be a civil sanction, we examine

whether § 60-498.01 is so punitive in purpose or intent as to negate the Legislature's intent. See *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998).

We look to the seven factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963):

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment[,] whether it comes into play only on a finding of *scienter*, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned . . . .

See, also, *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997); *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998).

### (a) Affirmative Disability or Restraint

We recognize that the loss of a driver's license imposes a sanction that a driver may not operate a vehicle for a 180-day period. This sanction is not an affirmative disability or restraint, as the term is normally understood. See *State v. Arterburn*, 276 Neb. 47, 751 N.W.2d 157 (2008).

In *State v. Arterburn*, 276 Neb. at 55, 751 N.W.2d at 165, the Nebraska Supreme Court referred to *Hudson v. United States, supra*, in which the U.S. Supreme Court found that prohibiting a person from participating in the banking industry was not an affirmative disability or restraint, stating that the prohibition was "'"certainly nothing approaching the 'infamous punishment' of imprisonment."'" In *Arterburn*, the Nebraska Supreme Court found that a 1-year revocation of a commercial driver's license compared more closely to prohibiting

a person from participating in the banking industry than to the punishment of imprisonment. Thus, the court concluded that an affirmative disability or restraint was not present. Following this reasoning, we conclude an affirmative disability or restraint is not present in this case, involving a 180-day revocation of a driver's license.

### (b) Historically Regarded
### as Punishment

As shown in previous decisions on this topic, *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996), and *State v. Howell, supra*, an ALR has not traditionally been understood to constitute punishment. *State v. Arterburn, supra*. A driver's license is a privilege and not a right, and the revocation of a privilege is usually not considered punishment. See *id.* See, also, *Hudson v. United States, supra.*

### (c) Scienter

The 180-day revocation does not come into play "only" on a finding of scienter. The revocation applies regardless of the offender's state of mind.

### (d) Promotion of Punishment—
### Retribution and Deterrence

We recognize that the imposition of a 180-day revocation will deter others from emulating Moody's conduct, a traditional goal of criminal punishment; however, the mere presence of this purpose is insufficient to render a sanction criminal, as deterrence may serve civil as well as criminal goals. See *State v. Arterburn, supra*, citing *Hudson v. United States, supra.*

As the U.S. Supreme Court noted in *Hudson v. United States*, 522 U.S. at 102, "all civil [sanctions] have some deterrent effect." What is most significant in the instant case is that any deterrent purpose served by the ALR is secondary to its primary purpose of protection of the public health and safety. See *State v. Howell, supra*. See, also, *State v. Arterburn, supra.*

We conclude that the deterrent purposes do not render the 180-day revocation a criminal sanction.

Moody also asserts the Legislature made it clear that the ALR scheme is now punitive, because § 60-498.01(8)(d) states, "Any person who petitions for an [ALR] hearing shall not be eligible for an ignition interlock permit unless ordered by the court at the time of sentencing for the related criminal proceeding." He argues that when the Legislature imposed the additional sanction prohibiting the ignition interlock permit until a sentencing order is issued, the administrative process became a part of the related criminal action. He argues that "[p]reventing the installation of a machine that prevents a vehicle from starting if a person has consumed alcohol for those who challenge a revocation appears to be excessive to the alternatives." Brief for appellant at 13. He argues that "[i]f the goal is to make the roads safe, then preventing people from driving [with an ignition interlock permit] appears to be counterintuitive to [that] goal." *Id.*

While there are means by which the impact of the license revocation process can be decreased, such as allowing those who seek an ALR hearing to obtain an ignition interlock permit, this is not the purpose of the process. The purpose of the ALR is to ensure the health and safety of the public on the roads by removing drivers who pose a threat to that safety. As previously discussed, the relevant inquiry for double jeopardy purposes is whether the ALR is so punitive in purpose as to negate the Legislature's intent. In cases involving the revocation of a driver's license, Nebraska appellate courts have not typically considered the person's ability to obtain a work permit or an ignition interlock permit in the assessment of whether a sanction was civil or criminal, nonpunitive or punitive. See, *State v. Isham*, 261 Neb. 690, 625 N.W.2d 511 (2001); *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). The fact that the Legislature has provided a mechanism by which some individuals whose licenses have been revoked may obtain limited driving privileges in the event they choose not to contest

the ALR does not change the essential character of the revocation, which is nonpunitive.

### (e) Behavior Is Already Crime

The behavior to which ALR applies in this case is already a crime, but this fact is insufficient to render the sanction criminally punitive, particularly in the double jeopardy context. See, *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997); *State v. Howell, supra.*

### (f) Alternative Purpose

Section 60-498.01 has an alternative, nonpunitive purpose of protection of the public health and safety by revoking the license of persons who drive while under the influence of alcohol because they have shown themselves to be a safety hazard. Any deterrent purpose is merely secondary to the statute's stated, nonpunitive purpose.

### (g) Excessive

The nonpunitive purpose of § 60-498.01 is to protect the public health and safety by revoking the license of persons who drive while under the influence of alcohol, because they have shown themselves to be a safety hazard. Revocation is justified based on the offender's willingness to engage in conduct that, if continued, poses a danger to the public. In sum, there is very little showing that a 180-day revocation is so punitive in purpose or effect as to make the sanction criminal.

### VI. CONCLUSION

For the above-stated reasons, we affirm the district court's judgment which affirmed the judgment of the county court overruling Moody's plea in bar.

AFFIRMED.